UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINA CAIN and TRINA CAIN, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 19-12344-ADB |
| | * | |
| COMCAST, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice.

On November 26, 2019, *pro se* litigants Christina Cain and Trina Cain ("Plaintiffs") filed a civil complaint and motions for leave to proceed *in forma pauperis*. In a memorandum and order dated December 20, 2019 [ECF No. 10], the Court allowed the motions to proceed *in forma pauperis* and directed Plaintiffs to file an amended complaint.

In the memorandum and order, the Court explained that the complaint against 111 defendants ("Defendants") failed to state a claim upon which relief could be granted because the pleading neither provided the defendants adequate notice of the claims against them nor contained sufficient factual material from which the Court could reasonably infer that Defendants had wronged Plaintiffs. The Court specifically noted that Plaintiff had not stated what each individual Defendant did wrong and where and when the alleged misconduct occurred. The Court stated that the amended complaint should be sufficiently clear to permit a reader to understand from the document what each Defendant allegedly did that violated Plaintiffs' rights and when the events in question occurred. The Court stated that conclusory

allegations (such as "Defendant X wrongfully surveilled me") without supporting factual allegations of specific misconduct were insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs timely filed their amended complaint [ECF No. 11]. The amended complaint is five pages long with voluminous exhibits. While the amended complaint provides a better overview of Plaintiff's theories of liability than did the original complaint, the amended pleading does not comply with the pleading requirements the Court set forth in its December 20, 2019 memorandum and order. With one exception, the amended complaint does not contain any dates. Even though Plaintiffs have better identified the nature of the Defendants' alleged surveillance of and interference with them, the allegations are nonetheless conclusory and do not provide sufficient factual material to support their broad allegations of wrongdoing.

Accordingly, for the reasons stated above, this action is DISMISSED without prejudice.

**SO ORDERED.**

April 6, 2020
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE